# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bahman Sharifian Jazi and Pouya Sharifian Jazi, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>Marco Rubio, U.S. Secretary of State, et al., <br><br>　　　　　Defendants. | Case No.: 25-cv-27 BEN <br><br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## I.    INTRODUCTION

Plaintiffs Bahman Sharifian Jazi and Pouya Sharifian Jazi filed suit against U.S. Secretary of State Marco Rubio and other government officials.  Before the Court is Defendants' Motion to Dismiss.  After considering the papers submitted, supporting documentation, and applicable law, the Court grants the Motion to Dismiss.

## II.    BACKGROUND

This case arises from the Government's processing of a Form I-130 alien relative immigration visa.

### A. Statement of Relevant Facts[1]

Bahman Jazi is a lawful permanent resident of the United States and a citizen of Iran. Bahram Jazi returned to the United States in November 2024, after spending the last five years in Iran. Pouya Jazi is an Iranian national who is a software engineer residing in Iran. Bahman Jazi is the father of Pouya Jazi.

### B. Procedural History

Bahman Jazi filed an I-130 application for the benefit of Pouya Jazi on May 9, 2020. Pouya Jazi appeared for a visa interview at the U.S. Embassy in Yerevan, Armenia, on November 6, 2023. The same day the consular officer *refused* the visa application under INA §221(g), 8 U.S.C. §1201(g). *See* Declaration of William C. Harrington, Dkt# 5-1 at ¶ 9.

Pouya Jazi submitted additional documents and answers to question on DS-Form 5535, Supplemental Questions for Visa Applicants, as requested, on November 17, 2023. As of March 7, 2025, the visa application remains refused. Decl. of Harrington, at ¶ 9. Fourteen months after the visa refusal Bahman and Pouya Jazi filed their Complaint in this action on January 6, 2025, alleging violations of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (the "APA") in conjunction with the Mandamus Act, 28 U.S.C. §1361. The Plaintiffs seek an order, *inter alia*, compelling the Defendants to re-adjudicate the immigrant visa application for Pouya Jazi without further delay. The Government moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) and (6).

### III. LEGAL STANDARD

The standards governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or (6) are well-known and undisputed. A motion to dismiss under

---

[1] The majority of the facts set forth are taken from the Complaint. For purposes of ruling on the Government's motion to dismiss, the Court assumes the truth of the allegations pled and liberally construes all plausible allegations in favor of the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. Subject matter jurisdiction always comes first. For a Rule 12(b)(6) motion, a complaint may be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss.).

## IV.   DISCUSSION

### A. Subject Matter Jurisdiction

Relying on Rule 12(b)(1), Defendants contend there is no jurisdiction because the consular office made a decision when it "refused" the I-130 visa application under INA § 221(g) and that is all that is required of the Defendant. This Court has previously observed in a related setting that an initial consular refusal of an I-129F fiancé visa application usually sets the stage for additional administrative processing and is typically part of the visa application process. This Court found that the refusal was not a final decision and the Court enjoyed jurisdiction to consider whether a final decision would be made within a reasonable time. *See Morales v Mayorkas*, No. 23cv1758 (June 7, 2024); *see also Gonzalez v. Baran*, 2022 WL 1843148, at *3 (C.D. Cal. 2022) ("[A]t a minimum, the genuine dispute of fact regarding whether the visa application has been adjudicated to a final refusal precludes granting defendants' motion to dismiss."); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*, 168 F. Supp. 3d 268, 287 (D.D.C. 2016) (explaining that " 'administrative processing' precedes – and does not equate to – a final determination"); *Billoo v. Baran*, Case No.: 2:21-cv-05401-CBM-(JPRx), 2022 WL 1841611, at *4 (C.D. Cal. 2022) (declining to conclude that a case was moot when the visa application remained in administrative processing). Because the Embassy has not yet made a final reconsideration decision and the petition remains in administrative processing, subject matter jurisdiction is present.

### B. Failure to State a Claim; the APA & Mandamus

Defendants alternatively argue that the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As alleged in the Complaint, a "refusal" under INA § 221(g) places an application into a status called "administrative processing," a temporary measure which often signals that the process is ongoing while the Department of State continues to gather information. *Nine Iraqi Allies*, 168 F. Supp. 3d at 284. Plaintiffs assert claims for relief under the APA premised on Defendants' delay in the administrative processing of the visa application.

#### 1. The APA

A federal court has subject matter jurisdiction over an APA claim under 28 U.S.C. § 1331. *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021). Under the Mandamus Act, "[d]istrict courts have jurisdiction 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019) (quoting 28 U.S.C. § 1361). The standard by which a court reviews agency inaction is the same under both Section 706(1) of the APA and the Mandamus Act, 28 U.S.C. § 1361. Accordingly, courts may treat the inquiry under each statute as coextensive with the other. *See e.g., Agua Caliente*, 932 F.3d at 1216 (analyzing claims for relief under the APA and the Mandamus Act together "because the relief sought is essentially the same.")). The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and permits a court to "compel agency action unlawfully withheld or unreasonably delayed.," *Id*. § 706(1). Typically, courts go through the analysis for unreasonable delay when there has been a preliminary "refusal" of a visa application pending administrative processing.

#### 2. *Karimova v. Abate*

The Circuit Court of Appeals for the District of Columbia recently considered the question of whether the government has any further mandatory obligation to reconsider visa application that is refused. The appellate court decided that an initial consular visa

refusal is the only decision that the law requires. Although consular officers may reconsider an initial refusal, such reconsideration is discretionary. Therefore, a visa applicant cannot state a claim for relief under the APA, as there is no statutory basis to compel the government to take further action. *See Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3–4 (D.C. Cir. July 24, 2024) (unpublished). The Court of Appeals held,

> Karimova sued in district court to obtain the exceptional and rare relief of an order compelling the consular officer overseeing her visa application to make yet another "final decision" on her already-refused visa application. Because Karimova has not identified an adequate legal basis for that duty, *the district court properly dismissed her claim*.

*Id.* at *6 (emphasis added). Although it is not binding authority, the reasoning of *Karimova* is persuasive and some courts have followed suit. *See e.g., Morassaei v. United States Dep't of State*, No. SACV 24-823 PA (DFMX), 2024 WL 5047480, at *3 (C.D. Cal. Sept. 25, 2024) (following *Karimova* and concluding visa applicant failed to state a claim for relief under the APA and mandamus upon a consul's initial visa refusal); *Yared v. Nepal*, No. 1:24 CV 2114, 2025 WL 1067738, at *5 (N.D. Ohio Apr. 9, 2025) (following *Karimova* and dismissing APA and mandamus claims). This Court finds the *Karimova* reasoning to be persuasive and concludes that Plaintiffs have failed to state a claim under the APA upon which relief can be granted and dismisses the Complaint.

### C. No Unreasonable Delay

In the alternative, even if Plaintiffs have stated a claim under the APA, a fourteen-month consular delay from initial visa refusal is much too short of a "delay" to be considered an unreasonable delay. Unfortunately, courts have often dismissed APA action without granting mandamus for much longer delays in visa processing circumstances. "A plaintiff must come forward with more than a run-of-the-mill passage of time, and a desire for things to go faster, to justify a writ of mandamus. After all, a writ of mandamus would move a plaintiff to the front of the line, and hopping the line

5

imposes costs on other applicants." *Zadeh v. Blinken*, Case No. 23cv3721, 2024 WL 2708324 *6 (N.D. Ill. May 20, 2024) (15 months not unreasonable for processing an I-129F fiancé petition) (citations omitted). At the extreme, an eight-year delay during administrative proceedings has been found to be deserving of mandamus. *See Patel v. Reno*, 134 F.3d 929, 932-33 (9th Cir. 1997). The delay in this case is far shorter. The "delay" is this case is little more than one year.

In determining whether an agency's delay is unreasonable, courts often apply the six "*TRAC*" factors, named after the balancing test announced in *Telecomms. Rsch. & Action Ctr. ("TRAC") v. F.C.C.*, 750 F.2d 70, 79-80 (D.C. Cir. 1984).[2]

### 1. First TRAC Factor:  Rule of Reason

The most important is the first factor, which is the "rule of reason." In the context of unreasonable delay involving visa application processing, delay is measured from the time that Plaintiffs attended the interview, not the time that they filed the visa petition. *Ferdowski v. Blinken*, No. 8:23-cv-01123-JWH-KES, 2024 WL 685912, at *4 & n.26 (C.D. Cal. Feb. 12, 2024) (citing *Shahijani,* 2023 WL 6889774, at *3). "Generally, courts have found 'immigration delays in excess of five, six, [and] seven years are unreasonable, while those between three to five years are often not unreasonable.'" *Ortiz v. U.S. Dep't of State,* Case No. 22cv0508-AKB, 2023 WL 4407569 *8 (D. Idaho July 7,

---

[2] The *TRAC* factors are:
   (1) the time agencies take to make decisions must be governed by a rule of reason;
   (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency in the enabling statute, that statutory scheme may supply content for this rule of reason;
   (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
   (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
   (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and
   (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

2023). More than one court has concluded a delay of slightly more than a year is "drastically short of what constitutes an unreasonable delay in the Ninth Circuit." *Id.* (quoting *Yavari v. Pompeo*, No. 2:19-CV-02524-SVW-JC, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019)).

Plaintiffs filed the Complaint fourteen months after Pouya Jazi's visa refusal; only seventeen months have passed to date. This key factor weighs in Defendants' favor.

### 2. Second TRAC Factor: Congressional Timeline

There is no statutory or regulatory timeframe within which the State Department must adjudicate visas, and Congress has given the agencies wide discretion in the area of immigration processing. Congress has expressed the sentiment that immigration-benefit applications should be adjudicated within six months. Section 1571(b) states that "[i]t is the sense of the Congress" that immigrant benefit applications should be processed within 180 days. This language has been interpreted by the Ninth Circuit as a "precatory" provision that does not "create individual rights or ...any enforceable law." *Orkin v. Taylor*, 487 F.3d 734, 739 (9th Cir. 2007). This factor is neutral given that the Plaintiffs' visa application at issue was adjudicated through the interview and refused the same day as the interview. The only "delay" would be in the time spent reconsidering the refused visa decision and that has been a garden variety passage of time.

### 3. Third and Fifth TRAC Factors: Prejudice and Health/Welfare Implications

In this case, the third and fifth factors overlap and favor the Defendants. Usually, these factors are neutral or favor a plaintiff because family members may have been separated for years. However, the Complaint states both Plaintiffs are Iranian citizens, and Bahram Jazi has spent the last five years in Iran. *See* complaint at ¶120. It also alleges he returned from Iran as recently as November 2024. *Id.* at ¶121. Thus, the delay does not cause the type of harm typically seen in prolonged, involuntary separations. These factors therefore weigh in Defendants' favor.

### 4. Fourth TRAC Factor: Effect of Expediting on Other Priorities

When evaluating the fourth TRAC factor, courts consider whether the delay stems from a "resource-allocation issue," which would "put[ ] [petitioner] at the head of the queue simply mov[ing] all others back one space ...[,] produc[ing] no net gain." *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022) (4 year delay) (quoting *In re Barr Labs, Inc.*, 930 F.2d 72, 75-76 (D.C. Cir. 1991)). In similar cases, courts have found the fourth TRAC factor weighs heavily in the government's favor. *E.g., Davila v. Cohen*, Case No.: 23cv1532 JLS (BLM), 2024 WL 711618, at *8 (S.D. Cal. Feb. 21, 2024) (10-month delay for I-130 visa petition); *cf. Skalka*, 246 F. Supp. 3d at 154 (processing of visa applications is "the very type of agency action ...that if compelled would presumably delay other adjudications"). "[W]here an agency's progress on one individual's application would necessarily negatively impact another application, courts have held that plaintiffs' recourse is with Congress, not the courts." *Liu v. Denayer,* No. CV 21-6653-DMG, 2022 WL 17370527, at *5 (C.D. Cal. July 18, 2022) (18-month delay for an I-485 application). The fourth factor weighs in favor of Defendants.

### 5. Sixth TRAC Factor: Bad Faith

The sixth TRAC is "not really a 'factor, but merely a confirmation that agency delay need not be intentional to be unreasonable.'" *Feng v. Beers*, No. 2:13-cv-02396 JAM, 2014 WL 1028371, at *5 (E.D. Cal. Mar. 14, 2014). This factor is neutral.

### 6. Assessing the Factors

In sum, four TRAC factors favor the Defendants, whereas the remaining two factors are neutral. Therefore, using the TRAC factors as guidance, Plaintiffs have failed to state an APA or Mandamus Act claim based on unreasonable delay. *See e.g., Mojtabavi v. Blinken*, No. SA CV 24-1359 PA (ASX), 2024 WL 5316832, at *1 (C.D. Cal. Oct. 22, 2024) (granting motion to dismiss for two-year and 11-month delay for I-130 visa application by U.S. citizen on behalf of his Iranian citizen and resident father); *cf. Abbassi v. Gaudiosi*, Case No. 23cv1573-CDB, 2024 WL 1995246 (E.D. Cal. May 6, 2024) (11-month delay not unreasonable between consular interview for I-129F fiancé

petition and date of order dismissing APA/mandamus claim); *Zadeh v. Blinken*, Case No. 23cv3721, 2024 WL 2708324 *6 (N.D. Ill. May 20, 2024) (15-month delay not unreasonable for I-129F fiancé petition); *Yavari v. Pompeo*, No. 2:19-CV-02524-SVW-JC, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019).

## V.  CONCLUSION

Courts should act cautiously when reviewing matters entrusted to the Executive Branch, especially those involving immigration.  That discretion includes managing large volumes of visa applications and applicants from countries that may not fully cooperate with the United States.  *See Zadeh v. Blinken*, Case No. 23cv3721, 2024 WL 2708324 *6 (N.D. Ill. May 20, 2024) (dismissing claims seeking mandamus and APA review and finding 15-month delay not unreasonable) (quoting *Tate v. Pompeo*, 513 F. Supp. 3d 132, 150 (D.D.C. 2021)(11-month delay)).

For the above reasons,

1.  Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED** and Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**;

2. Plaintiffs' APA claims and Mandamus Act claims are **DISMISSED** without prejudice.[3]

**IT IS SO ORDERED.**

Dated:  _April 24, 2025

HON. ROGER T. BENITEZ
United States District Judge

---

[3] *See Yocom v. United States Citizenship & Immigr. Servs.*, No. 23-55430, 2024 WL 2206342, at *4 (9th Cir. May 16, 2024) (mem disp.) (district court erred when it dismissed Plaintiffs' APA claim without leave to amend the complaint).