# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bahman Sharifian Jazi and Pouya Sharifian Jazi, | Case No.: 25-cv-27 BEN |
| Plaintiffs, | |
| v. | **ORDER ON MOTION FOR RECONSIDERATION** |
| Marco Rubio, U.S. Secretary of State, et al., | |
| Defendants. | **[Dkt. 11]** |

   This case arises from the Plaintiffs' application for, and the Government's processing of, a Form I-130 alien relative immigration visa. Plaintiffs Bahman Sharifian Jazi and Pouya Sharifian Jazi filed suit against U.S. Secretary of State Marco Rubio and other government officials seeking mandamus and relief in the form of a final decision on Pouya's visa application. Previously, the Court granted Defendants' Motion to Dismiss without prejudice without specifically addressing Count 3. *See* Order (dated April 25, 2025). Plaintiffs now move for reconsideration seeking an individualized ruling on Count 3. Defendants have not responded. The motion for reconsideration is granted. However, Plaintiffs' claim under Count 3 is denied.

  Count 3 is at most tangentially related to Pouya's visa application. For Count 3, Plaintiffs allege that "Defendants' decision(s) to not issue the Congressionally allotted number of Family-Sponsored Preference categories from FY-2018-2023 was arbitrary, capricious, an abuse of discretion, and in violation of law." Complaint at ¶179. Plaintiffs seek relief in the form of a judicial declaration that "Defendant Blinken's decision to not issue the annual allotment of Family-Sponsored Preference category visas for the current and prior fiscal years as unlawful" and "an order compelling Defendant Blinken to issue the annual allotment of Family-Sponsored Preference category visas for FY-2024." Complaint at p. 57.

  First, the Court lacks jurisdiction to direct the Executive Branch to issue any particular number of immigrant visas. "For more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Trump v. Hawaii*, 585 U.S. 667, 702 (2018). "For reasons long recognized as valid, the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal Government." *Reno v. Flores,* 507 U.S. 292, 305 (1993) (quoting *Mathews v. Diaz*, 426 U.S. 67, 81 (1976)). "[T]he decision to admit or to exclude an alien may be lawfully placed with the President, who may in turn delegate the carrying out of this function to a responsible executive officer of the sovereign, such as the Attorney General." *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950).

  Second, Plaintiffs lack Article III standing because they can demonstrate neither ripeness nor redressability. "Standing requires more than just a 'keen interest in the issue.' It requires allegations—and, eventually, proof—that the plaintiff 'personally' suffered a concrete and particularized injury in connection with the conduct about which he complains." *Hawaii,* 585 U.S. at 697–98 (citations omitted). Otherwise, a decision will not redress the alleged harm to a plaintiff. This concept has sometimes been described as having a traceability and a redressability component. Plaintiffs here cannot

satisfy these requirements for standing. Plaintiffs cannot show how the refusal of Pouya's visa application will change if the number of family preference visas issued had exceeded the statutory floor of 226,000 in past years between 2018 and 2023, as Plaintiffs allege. Neither declaratory relief nor mandamus relief would likely change Pouya's visa application outcome. Thus, Plaintiffs lack Article III standing. *See Mirbod v. Blinken*, No. 3:24-CV-01430-CAB-MMP, 2025 WL 418518, at *5 (S.D. Cal. Feb. 6, 2025).[1]

Third, even if the Court enjoyed jurisdiction and Plaintiffs had standing, Plaintiffs still have failed to state a plausible claim for relief. Plaintiffs allege that the government is "wasting" family sponsored immigrant visas when it does not issue all of the 226,000 described in 8 U.S.C. §1151(c)(1)(B)(ii). But there is no apparent statutory requirement that the State Department issue all of the family-preference visas available under the annual limits in a given year. Moreover, Plaintiffs allege only that the wasting took place in the past. They point to the number of visas issued two years ago under a different administration. In contrast, Plaintiffs do not allege that less than 226,000 are being issued *this* year. The State Department's Visa Bulletin for August 2025 suggests otherwise and observes that the fiscal year 2025 limit for family-sponsored preference

---

[1] *Mirbod* wrote in terms equally applicable here:

> Even assuming Plaintiffs have suffered an injury in the delay of post-refusal re-adjudication of their visa applications, they fail to demonstrate how their injury is traceable to Defendants' action of not issuing all allotted family preference visas from 2018–2023. It is unclear to the Court how a delay in post-refusal adjudication of Plaintiffs' visa applications, in 2025, can be traced to Defendants' decision to not issue all family preference visas between 2018 and 2023, particularly when Plaintiffs' applications were initially considered and rejected in 2023. Though the bar for traceability is low, *see Idaho Conservation League v. Bonneville Power Admin.*, 83 F.4th 1182, 1188 (9th Cir. 2023), the Court finds the connection between the alleged injury and the complained-of action as too attenuated to maintain Article III standing.

immigrants is the statutory level of 226,000.  *See* https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2025/visa-bulletin-for-august-2025.html (last visited, Aug. 20, 2025).  Consequently, Plaintiffs have failed to plausibly allege a claim for declaratory or mandamus relief because they allege no facts stating a presently justiciable controversy.

Courts should act cautiously when reviewing matters entrusted to the Executive Branch, especially those involving immigration, lest it alter the balance between co-equal branches of government.  For the above reasons, Plaintiffs' motion for reconsideration is granted.  On reconsideration, Plaintiffs' claim for Count 3 is **denied** because the Court lacks jurisdiction, the Plaintiffs lack Article III standing, or the Plaintiffs have failed to state a plausible claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated:  August 20, 2025

**HON. ROGER T. BENITEZ**
United States District Judge